IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS, INDIANA

| | | |
|---|---|---|
| **LARRY MONROE, JR.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **CIVIL ACTION NO.: 1:21-cv-76** |
| | ) | |
| **BUFFALO WILD WINGS, LLC.,** | ) | |
| **NEW CASTLE,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, named-above, complains of act and omissions to act by the Defendant. In support of his Complaint and as cause of action against Defendant, Plaintiff respectfully submits the following:

### JURISDICTION

1. This suit is authorized and instituted pursuant to 42 U.S.C. § 1981 and Title VII, 42 U.S.C. § 2000 et al., Age Discrimination in Employment Act (ADEA) 29 U. S. C. §§ 621 et. al., all as amended by the Civil Rights Act of 1991; 28 U.S.C. §§ 1331 and 1343.

2. Plaintiff filed a charge with the Equal Employment Opportunity Commission (EEOC). The EEOC issued a right to sue letter on or about November 12, 2019.

### PARTIES

3. Plaintiff, Larry Monroe, Jr., is an African-American citizen of the United States and at all relevant times she resided in the Southern District of Indiana.

4. Defendant is a corporation doing business in the State of Indiana in the Southern District of Indiana.

# FACTS

5. Plaintiff began working for Defendant in June of 2018 as a manager.

6. Plaintiff performed his job well and had no disciplinary problems.

7. In December of 2018 Plaintiff was transferred to Defendant's location in New Castle.

8. Plaintiff was the only African-American manager and there was only one (1) other minority employee at the New Castle location.

9. Plaintiff performed his job well and was not disciplined after his transfer until he was terminated.

10. During Plaintiff's employment with Defendant, after his transfer, Plaintiff was subjected to discrimination and harassment due to his race and in retaliation for reporting racial discrimination and harassment.

11. From the time Plaintiff arrived at the Defendant's New Castle location, he was treated less favorably than Caucasian managers and non-managers.

12. Plaintiff's supervisor did not support him when Plaintiff attempted to discipline employees, but she did support the Caucasian manager when they disciplined employees.

13. Plaintiff's supervisor did not allow Plaintiff to lead manager's meetings.

14. Instead she allowed a Caucasian non-manager to lead the meeting involving Plaintiff's subordinates.

15. Plaintiff's supervisor allowed Caucasian managers to lead meetings involving their

subordinates.

16. She was short with Plaintiff and spoke rudely to him.

17. As a result, Plaintiff reached out to a regional manager of Defendant and asked to speak to him confidentially about how Plaintiff's supervisor was treating him less favorably than Caucasian employees.

18. Plaintiff told him he felt he was being discriminated against due to his race.

19. Subsequent to Plaintiff's conversation with the regional manager, two employees got into a heated argument, Plaintiff told them to end it.

20. One employee complied.

21. The other employee said she would "fuckin" let it go when she went home and she continued cussing in the presence of customers.

22. As a result of her conduct, Plaintiff wrote her up and recommended termination.

23. Plaintiff's supervisor told him she was not going to terminate the employee Plaintiff then told his supervisor that the employee deserved to be terminated for her conduct.

24. Plaintiff's supervisor became very angry and stated to him "do you think you can call my fucking bosses on me and tell on me, you're fuckin fake as hell, you're a fuckin fake ass, you're fuckin two-faced ass, you're fuckin two-faced and fake, yea, now what".

25. After that confrontation Plaintiff contacted the regional manager and told him Plaintiff believed his supervisor was retaliating against him due to his complaint of racial harassment and discrimination.

26. The regional manager called a meeting.

27. During the meeting Plaintiff stated that he felt his supervisor was retaliating against him because of his complaint to the other regional manager.

28. Plaintiff's supervisor said "right, whatever" and laughed.

29. Plaintiff then told them that he felt belittled and intimidated and that his supervisor's action was creating a hostile work environment.

30. Plaintiff's supervisor subsequently called him a "fucking liar" during the meeting.

31. Plaintiff looked at the regional manager and asked him "do you hear this".

32. He said nothing.

33. Plaintiff began to take notes, his supervisor asked me "what the fuck are you doing Larry, what the fuck are you writing down" "are you going to get a fuckin lawyer".

34. Plaintiff was told, by the managers, that they would get statements from the team about how he treated them.

35. Plaintiff became emotional, left the meeting and went outside.

36. Things got worse from that point on.

37. Plaintiff began to be stripped of his duties.

38. Plaintiff's scheduling responsibilities were taken from him and given to his subordinate.

39. The Caucasian manager retained his scheduling authority.

40. Plaintiff could not hire employees without his supervisor or manager doing a second interview.

41. The Caucasian manager is allowed to hire employees without a second interview.

42. Plaintiff was required to remain in the cashier's box to run the cash register by his supervisor.

43. The other Caucasian manager was not required to run the cash register.

44. Plaintiff was verbally abused by two of his subordinates.

45. A Caucasian employee called Plaintiff a "bitch ass nigger" and another employee called him a "bitch.

46. They were simply told to watch their mouths.

47. In February 2020 Plaintiff again complained to Jon Curtis, his regional manager, that he believed he was being discriminated against and harassed due to his race.

48. The regional manager said he would look into it.

49. On February 20, 2020, the regional manager asked Plaintiff to attend a meeting.

50. The regional manager asked Plaintiff how things were going.

51. Plaintiff said things are rough since he told his supervisor about his complaint back in August.

52. Then the regional manager told Plaintiff someone accused him of engaging in inappropriate conduct.

53. The regional manager told Plaintiff to admit to it and he would get him some severance pay.

54. Plaintiff told him he did not engage in any such conduct and he was not going to admit to doing something he did not do.

55. Plaintiff then sent a letter to the ownership citing his complaints of racial discrimination, harassment and retaliation.

56. On February 21, 2020, the regional manager called Plaintiff and said they received his complaint and they would get back to him.

57. On February 22, 2020, Defendant's managers told Plaintiff he was terminated for alleged sexual harassment.

58. Plaintiff believes he has been subjected to racial harassment, retaliated against for complaining about discrimination and terminated due to his race and in retaliation for complaining about discrimination.

## COUNT I

59. Plaintiff incorporates by reference paragraphs 1-58.

60. Defendant as a result of discriminating against Plaintiff due to his race violated Title VII 42 U.S.C. § 2000e et al.

## COUNT II

61. Plaintiff incorporates by reference paragraphs 1-58.

62. Defendant as a result of discriminating against Plaintiff due to his race violated 42 U.S.C. § 1981.

## COUNT III

63. Plaintiff incorporates by reference paragraphs 1-58.

64. Defendant as a result of creating a hostile work environment and harassing Plaintiff due to his race violated Title VII 42 U.S.C. § 2000e et al.

## COUNT IV

65. Plaintiff incorporates by reference paragraphs 1-58.

66. Defendant as a result of creating a hostile work environment and harassing Plaintiff due to his race violated 42 U.S.C. § 1981.

## COUNT V

67. Plaintiff incorporates by reference paragraphs 1-58.

68. Defendant as a result of retaliating against Plaintiff due to his protected activity violated Title VII, 42 U.S.C. § 2000e et al.

## COUNT VI

69. Plaintiff incorporates by reference paragraphs 1-58.

70. Defendant as a result of retaliating against Plaintiff due to his protected activity violated 42 U.S.C. § 1981.

WHEREFORE, Plaintiff respectfully requests that the Court grant the following relief:

A. Reinstate Plaintiff to position from which he was terminated or front pay in lieu of termination.

B. Award Plaintiff back pay and benefits lost;

C. Award Plaintiff compensatory damages for future pecuniary loss, emotional pain and suffering, inconvenience, mental anguish and loss of enjoyment of life;

D. Award Plaintiff liquidated damages;

  E. Award Plaintiff punitive damages;

  F. Award Plaintiff her costs in this action and reasonable attorney fees;

  G. Grant Plaintiff a permanent injunction enjoining Defendant from engaging in any employment practice or policy which discriminates against Plaintiff on the basis of race.

  H. Grant Plaintiff any other relief which is allowable under the circumstances of this case.

          Respectfully submitted,


          ___s/Gregory A. Stowers_____
          GREGORY A. STOWERS, 13784-49
          Attorney for Plaintiff

## REQUEST FOR JURY TRIAL

Comes now the Plaintiff and requests that this cause be tried by jury.

Respectfully submitted,

**STOWERS & WEDDLE P.C.**


  s/Gregory A. Stowers
GREGORY A. STOWERS, 13784-49
Attorney for Plaintiff


Gregory A. Stowers, 13784-49
STOWERS & WEDDLE P.C.
626 N. Illinois Street
Suite 201
Indianapolis, IN   46204
(317)636-6320